IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM WHITE, JR.,

    Petitioner,

v.                                             Civil Action No. 3:07cv708

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Petitioner William White, Jr., a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On November 2, 2007, White filed a habeas corpus petition challenging his convictions entered by the Circuit Court for Greensville County ("Circuit Court") for first degree murder and assault and battery of a state trooper. In his petition, White contends that he is entitled to relief on the following grounds:

    Claim A:    That the trial court wrongly granted the Commonwealth's motion *in limine* to exclude evidence of White's insanity;

    Claim B:    That the "panel" wrongly held that petitioner's proffered lay evidence was unsupported by an expert opinion;

    Claim C:    That petitioner's plea of *nolo contendere* pursuant to Virginia Code § 19.2-254 authorized review of his appeal; and,

---

[1] 28 U.S.C. § 2254(a) provides in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

1

> Claim D: That the trial court erred in denying petitioner's motion for an evaluation of his mental state pursuant to Virginia Code § 19.2-176(A).

## I. Procedural History

On December 12, 2002, White entered a conditional guilty plea in the Circuit Court to first degree murder and assault and battery of a state police officer. On July 24, 2003, the Circuit Court sentenced White to incarceration for life plus five years.

Subsequently, White petitioned the Court of Appeals of Virginia ("Court of Appeals") for an appeal. White asserted the Circuit Court wrongly denied his motion for a continuance, abused its discretion in denying his motion for a post-trial evaluation of his sanity under Virginia Code § 19.2-254(A), and wrongly granted the Commonwealth's motion *in limine*, preventing him from introducing evidence of his insanity. On April 2, 2004, the Court of Appeals granted White's petition for appeal. On November 30, 2004, a panel of the Court of Appeals reversed the Circuit Court, holding it wrongly granted the Commonwealth's motion *in limine* to exclude evidence supporting insanity. On January 11, 2005, the Court of Appeals granted the Commonwealth a rehearing on the issue and affirmed White's conviction.

Subsequently, White petitioned the Supreme Court of Virginia ("Supreme Court") for an appeal. On December 20, 2005, the Supreme Court granted White an appeal on his claim that the trial court wrongly granted the Commonwealth's motion *in limine*. After briefing and oral argument, the Supreme Court affirmed White's convictions. *See White v. Commonwealth*, 636 S.E.2d 353 (Va. 2006).

## II. Analysis

**A.** **Original Petition**

In conducting habeas review, a federal court is limited to deciding whether a conviction or the execution of a sentence violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Commonwealth correctly notes that Claims A, B, C, and D raise errors of state law which do not provide bases for federal habeas corpus relief. To the extent that any of these claims does provide a basis for federal habeas corpus relief, White must prove that state adjudication of the claims was legally or factually unreasonable. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 406-07, 411 (2000). White has made no showing that he is entitled to relief under this standard. Accordingly, Claims A, B, C, and D will be DISMISSED.

**B.** **June 24, 2008 Letter Raising Issues that Could Potentially Lead to Second or Supplemental Federal Habeas Corpus Petition**

On June 18, 2008, Petitioner mailed this Court a long letter in which he requests the Court to appoint counsel to represent him in this matter because he is "incapable of arguing this case" and "unable to properly interpret the law in this matter." (Letter from William White, Jr., at 6, *White v. Commonwealth*, No. 3:07cv708 (E.D. Va. June 24, 2008.)) In addition, White's letter raises a new ground for relief about which his original federal habeas corpus petition was silent. White claims he received ineffective assistance of counsel in violation of the Sixth Amendment.[2] Specifically, White's letter asserts the following, presented below verbatim with capitalization and punctuation corrected:

---

[2] The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

> I suffer from mental health issues and although they do not prevent me from communicating with this court now, they did prevent me from communicating with my attorney prior to trial because of the large amounts of medications that I took three times daily, leaving me highly medicated, which is another issue that I would like to raise in this petition for habeas corpus along with my counsel's ineffectiveness at trial, which I have no idea of how to do.

(Letter from William White, Jr. at 3-4.)

> I specifically asked LCSW Mr. Skinner if he could testify on my behalf, and he said yes. I specifically asked him if I had been diagnosed with a mental illness and he said yes and told me that I had been diagnosed with Schizophrenia prior to trial and gave me a leaflet explaining the disease Schizophrenia to me that I did give to my attorney. Your Honor, I am begging this Court for legal assistance because I am not guilty and I know for a fact that I was lied to by my attorney, and he did admit to me that he lied to me. I do not feel that it is fair for me to have to sit in prison every day knowing that my attorney lied to me in order to get me to change my plea, then admitted that he lied to me in my face and told me that he would inform the judge that he had and lied again.

(Letter from William White, Jr. at 7-8.)

> There were also numerous other instances that I was never allowed to report to anyone that were relevant to this case because I was highly medicated and my attorney never gave me any advice through out my wait at this jail prior to trial.

(Letter from William White, Jr. at 8.)

With regard to White's request for assistance of counsel, this Court denies that request. In post-conviction proceedings, the appointment of counsel is entrusted to the Court's discretion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court may appoint counsel if the "interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel under § 3000A(a)(2) depends on "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). White has failed to show likelihood of success on the merits. As stated above, Claims A, B, C, and D raise errors of state law which do

not provide bases for federal habeas corpus relief. In addition, as discussed below, the applicable statute of limitations bars any further claims. 28 U.S.C. § 2244(d)(1); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). White cannot succeed on the merits. Therefore, White's request for appointment of counsel is DENIED.

To the extent that White's letter raises an ineffective assistance of counsel claim because his attorney lied to him, because his attorney failed to secure Mr. Skinner's testimony, because his medicated state prevented proper communication, or because "[his] attorney never gave [him] any advice throughout [his] trial," his claim cannot stand. This is true despite the fact that under appropriate circumstances, federal habeas relief can flow from ineffective assistance of counsel claims. Unlike Claims A, B, C, and D, Petitioner's claim of ineffective assistance of counsel does provide a basis for federal habeas corpus relief. The United States Supreme Court has held that the Sixth Amendment guarantees a criminal defendant's right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

However, the letter submitted to this Court does not qualify as a petition for a writ of habeas corpus under which this Court could evaluate White's ineffective assistance of counsel claim. Federal Rule of Civil Procedure 8(a) merely requires that a complaint provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Habeas Corpus Rule 2(c), however, provides a more stringent standard for petitions for a writ of habeas corpus. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Habeas Corpus Rule 2(c) provides that a petition for a writ of habeas corpus must:

    (1) specify all grounds for relief available to the petitioner;
    (2) state the facts supporting each ground;
    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and
    (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Corpus Rule 2(c). Rule 2(d) further provides that the "petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Habeas Corpus Rule 2(d). White's letter does not meet this demanding standard because it is not signed under penalty of perjury and does not conform substantially or otherwise to the prescribed format. Therefore, it does not constitute a petition for a writ of habeas corpus.

    In any event, the applicable statute of limitations would bar White's ineffective assistance of counsel claim even if this Court could construe it as a properly asserted habeas claim. 28 U.S.C. § 2244(d)(1); *Hill,* 277 F.3d at 704. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This statute of limitations begins to run "when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill,* 277 F.3d at 704.

    Here, direct review of White's conviction became complete on November 3, 2006, and White timely filed his original habeas petition on November 2, 2007. However, White did not assert his ineffective assistance of counsel claim until June 24, 2008, well after the limitations period expired. Moreover, White's ineffective assistance of counsel claim cannot relate back to his original habeas petition because it does not arise "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c). White made no claim of ineffective assistance of counsel in his original habeas petition. An amended petition can only relate back to an original petition if "the original and amended

petitions state claims that are tied to a common core of operative facts." *Mayle*, 545 U.S. at 664; *see also United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). White's claims "arise from separate occurrences of 'both time and type.'" *Pittman*, 209 F.3d at 318 (quotation omitted). "The fact that amended claims arise from the same trial . . . as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)." *Id.* To relate back, the amended claims must be grounded on the same basic factual allegations as the original claims. *See id.* at 317-18. White's amended claims arise out of "different *conduct* and *transactions*" than his original claims. *Id.* at 318 (emphasis added). Accordingly, to the extent White's letter should be addressed by the Court, White's ineffective assistance of counsel claim will be DISMISSED.

### III. Conclusion

For the above reasons, the Respondent's Motion to Dismiss (Docket No. 6) is GRANTED, and the Petition (Docket No. 1) is DISMISSED.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: August 11, 2008